```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

TACOMA DANIELS,

    Plaintiff,

v.                                                  No. 22-cv-12208-DLC

DIMMOCK STREET COMMUNITY
HEALTH CENTER LLC,

    Defendant.

## ORDER FOR REASSIGNMENT WITH REPORT AND RECOMMENDATION FOR DISMISSAL

CABELL, U.S.M.J.

    Plaintiff Tacoma Daniels ("plaintiff"), proceeding *pro se*, initiated this action by filing a 9-page, handwritten complaint against the Dimock Street Community Health Center ("Dimock"),[1] (Dkt. No. 1), as well as a motion for leave to proceed *in forma pauperis*, (Dkt. No. 2). Finding no self-evident basis for federal court jurisdiction or, for that matter, a viable cause of action, this court granted the plaintiff leave to proceed *in forma pauperis* and ordered him to "file an amended complaint that asserts a basis for this court's subject matter jurisdiction and states a plausible claim for relief." (Dkt. No. 7). After the denial of a motion to

---

[1] Although the complaint spells the defendant's name "Dimmock," the court will use what appears to be the defendant's preferred spelling. *See About Dimock*, https://dimock.org/about/ (last visited May 11, 2023).

appoint counsel and the grant of an extension of time, the plaintiff filed an amended complaint as directed. (Dkt. No. 12). Because, as discussed below, the amended complaint fails to cure the initial complaint's jurisdictional deficiencies, this court orders that the case be redrawn to a district judge and recommends upon reassignment that the case be dismissed.

## I.   THE AMENDED COMPLAINT

The substance of the amended complaint is as follows. The plaintiff alleges that Dimock owns and operates the Sheila Daniels House ("the House"), which is a residence for HIV-positive women and their families. (Dkt. No. 12, pp. 3, 5). The House is named after the plaintiff's mother, as she was the one who conceived the idea for the residence and worked alongside Dimock and others to make it a reality. (*Id.* at p. 3). Sadly, Sheila Daniels passed away three years before the House opened. (*Id.* at p. 4). The plaintiff and his grandmother participated in the opening ceremony in her honor. (*Id.*).

The dispute between the plaintiff and Dimock centers on the alleged profits that Dimock has reaped from the House since its opening. According to the plaintiff, the House generated 1.2 million dollars in profits between 2019 and 2021. (*Id.*). The plaintiff asserts that, as Sheila Daniels's sole surviving descendant, he is entitled to the profits generated by the House because the House uses his mother's name and story. (*Id.* at pp.

2

6-7). The plaintiff also seeks five million dollars for "irreparable damages, [and] emotional, psychological, and mental distress damages," as well as "exemplary and punitive damages" and a "public apology" from Dimock. (*Id.* at pp. 6-7) (cleaned up).

According to the plaintiff, this court has federal question jurisdiction over the dispute pursuant to 28 U.S.C. § 1331 because he, "[a]s a United States of America citizen, . . . [is] protected by the United States Constitution, and [has] the right and privilege protections of the 14th Amendment . . . [including] due process and equal protections of life, liberty, and property."[2] (*Id.* at p. 2). The complaint purports to assert claims of both substantive and procedural due process pursuant to the Fifth Amendment and the Fourteenth Amendment. (*Id.*).

## II. LEGAL STANDARD

### A. Pro Se Pleadings

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v.*

---

[2] There is no diversity jurisdiction pursuant to 28 U.S.C. § 1332, as both the plaintiff and Dimock are assertedly citizens of Massachusetts. (Dkt. No. 12, p. 1).

3

*Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citing *Eagle Eye Fishing Corp. v. United States Dep't of Com.*, 20 F.3d 503, 506 (1st Cir. 1994)).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  *Id.*

    **B.    Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  In every case, the burden of establishing jurisdiction rests on the party invoking the court's jurisdiction, in this case the plaintiff.  *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).  "Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).

**III. DISCUSSION**

Whether considered under the Fifth Amendment or the Fourteenth Amendment, the plaintiff's claims fail to establish federal subject matter jurisdiction for the same reason: a lack of government action.  The Due Process Clause of the Fifth Amendment

4

applies only to the actions of the federal government. *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). Similarly, it is "firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Id.* This all matters because nowhere in his complaint does the plaintiff allege that Dimock is an agency of the federal or Massachusetts government, or that Dimock otherwise engaged in state action by operating the House. Consequently, the complaint fails to implicate the Fifth Amendment or the Fourteenth Amendment, and so dismissal is proper. *Martinez-Rivera*, 498 F.3d at 8-9 ("As plaintiffs do not allege that any of the defendants are federal actors, any Fifth Amendment claim was properly dismissed.").

Notwithstanding the apparent lack of state action from Dimock, the plaintiff asserts that federal question jurisdiction exists here because the plaintiff expects to obtain discovery from the City of Boston and potentially add the city as a defendant if that discovery reveals that the city somehow profited from the House. As such, so he appears to reason, the existence of the City as a defendant would add the requisite state actor component to the case and thus give the court the power to exercise federal

5

jurisdiction.  This speculation about future developments is not enough to presently confer jurisdiction on this court, however. Federal question jurisdiction exists for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  By contrast, it is not created wherever a party may need to take discovery from a municipality or where facts not yet known or alleged may eventually justify adding a municipality as a defendant.

As noted above, the court may look past the causes of action put forth in a pro se complaint and examine the facts alleged to determine whether the complaint plausibly states a claim for relief.  *Ahmed*, 118 F.3d at 890.  Here, in the court's view, a generous read of the amended complaint arguably marshals enough facts to state a claim for conversion or unjust enrichment or a similarly themed common law claim asserting that the defendant has deprived the plaintiff of some property.[3]  Even so, these would all be state law claims that do not "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The court cannot exercise supplemental jurisdiction over state law claims when it has no original jurisdiction over the case or controversy to begin with.  28 U.S.C. § 1367(a).

---

[3] To be clear, the court does not find that the plaintiff has plausibly alleged any such claim.  Notably, the plaintiff offers no facts suggesting that he is entitled to any profits generated by the House apart from his relation to the House's namesake, which is a fact of no apparent legal significance.

6

**IV.   CONCLUSION, ORDER FOR REASSIGNMENT, AND RECOMMENDATION**

In light of the foregoing, this action should be dismissed for lack of subject matter jurisdiction.  As I lack the authority to enter an order of dismissal, I ORDER that the case be returned to the Clerk's Office for REASSIGNMENT to a district judge, and RECOMMEND upon reassignment that the case be dismissed for lack of jurisdiction.

**V.   NOTICE OF RIGHT TO OBJECT**

The plaintiff is hereby advised that under the provisions of Federal Rule of Civil Procedure 72, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days after being served with this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-05 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v.*

*Arn*, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985); *accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3-4 (1st Cir. 1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

So ordered.                             /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED: May 12, 2023